RYLAND, J.
Tiie plaintiff in error was indicted in the Circuit Court of Dade county, for willfully, maliciously and unlawfully doing an injury to a imblic seliool-liou§e, by throwing down the chimney thereof, in said county. The plaintiff in error moved the Circuit Court to quash the indictment, which motion the court overruled. He was then called upon to plead to the indictment ; he refused to plead, and stood mute ; thereupon the court ordered the plea of “ not guilty ” to be entered for him; a trial was had upon the issue made upon this plea, and the jury found the defendant guilty and assessed his punishment by a fine of ten dollars. The plaintiff in error, defendant-below, then moved the court to arrest the judgment, which motion was overruled. He thereupon moved to set aside the verdict and grant him •a new trial, which was also overruled. Thereupon he sues out his writ of error and brings the case to this court.
Upon inspecting the record of the proceedings in the Circuit Court, I find no bill of exceptions ; nor does the record anywhere show, that any exceptions were taken by the defendant below to any opinion or decision of the court, upon any of the various motions made by the defendant. This court, in the case of The State v. Fortune & Harman, 10 Mo. R. 466, decided that where an indictment was quashed, on motion, and there was no bill of exceptions preserving the motion, the judgment must be affirmed. This decision materially operates on the case now before us. Here, no hill of exceptions preserves either the motion to quash, or the motion in arrest, or the motion for a new trial. No exception appears to he taken to any action of the court below. The evidence is not preserved. I cannot see, then, any ground for a new trial, ■even supposing the motion had been made in time, or in its proper order. See McComas v. The State, 11 Mo. R. 116.(a)
I have looked into the indictment in this case, and think it is sufficient to support the judgment of conviction upon it. It might well have been drawn with more technical skill; however, it is, in my opinion, sufficient, and I am not disposed to search for objections with a very critical eye, in order to reverse the judgment against one who has showed himself unmindful of the ■duty incumbent upon all our citizens, to preserve and protect the property and means devoted to so interesting and vitally important a subject as the ■education of our youth. My brother Judges concurring herein, the judgment below is affirmed.

(a) In such case the court can only look into the record proper, i. e., indictment and judg. ment — State v. Matson, 38 Mo. R. 489.